## DEL RIO *v.* SASTRE ET AL.

### APPEAL from the District Court of Arecibo.

#### No. 3.—Decided June 22, 1905.

SIMULATED CONTRACTS.—Contracts involving an alienation of property are considered to have been simulated when they are executed by persons who at the time of the alienation had contracted obligations other than mortgage obligations where, upon the execution of the contracts, the notary before whom the same were executed did not certify in the deed that the price had been delivered in his presence, or where the vendors did not deposit in cash the value of such obligations, or did not retain sufficient property to meet the same.

ID.—ENTRY OF RECORD OF THE PROPERTY ALIENATED BY SIMULATED INSTRUMENT—CANCELLATION.—The fact that a property sold by a simulated instrument was recorded in the registry in favor of the purchaser will not prevent the contract so recorded from being declared null and void, inasmuch as the admission of an instrument to record does not render valid, acts and contracts which are null in accordance with the law, and in virtue of which the procedure in such a case is to order the cancellation of such record.

ID.—LIABILITY OF PURCHASER.—Where a simulated sale is declared null and void, the property sold will revert to the possession of the vendor, who is bound to pay his creditors the amount of his debts, and from that time the liability of the purchaser ceases with respect to such creditors

ID.—OBLIGATIONS—DELAY—INDEMNITY.—Where compliance with an obligation consists in the payment of an amount of money, and the debtor delays payment, indemnity for damages and losses, in the absence of an agreement to the contrary, will consist in the payment of legal interest if no other rate is stipulated.

The facts are stated in the opinion.

*Mr. Bosch* for appellant.

*Mr. Alvarez Nava* for respondent.

MR. JUSTICE HERNANDEZ delivered the opinion of the court.

An action having been brought in the District Court of Arecibo by Alonso del Rio y Diaz against Juan Maldonado y Rivera and Saturnino Sastre Suarez, for the recovery of

a sum of money and in regard to the simulation of a contract, said court rendered the following judgment:

"Judgment No. 35.—In Arecibo, October 19, 1903. An oral and public hearing was had of the declaratory action of greater import involving the annulment of deeds, brought by Attorney Felix Santoni Rodriguez, in the name and on behalf of Alonso del Rio y Diaz, of age, a landowner and resident of Morovis, against Saturnino Sastre Suarez, represented by Attorney Ramon Nadal Santa Coloma and Juan Maldonado Rivera, in default.

"On July 12th last Attorney Felix Santoni, in the name and on behalf of Alonso del Rio y Diaz, brought a declaratory action in this district court against Juan Maldonado Rivera and Saturnino Sastre Suarez, alleging that the defendant Maldonado owed Alonso del Rio the sum of $674, due December 31, 1901, since which date the debtor had agreed to pay interest at the rate of 1.25 per cent per month, thereby acknowledging as effective and valid the private document which Jaime Suro had signed for him at his request, before witnesses Eduardo Cacho and Liborio Cordova, all of which appeared in the notarial act which he attached; that the debtor Maldonado, in order to evade payment to his creditor del Rio, made an agreement with his son-in-law, Saturnino Sastre, and they simulated between them a deed of sale of all the rural property of Maldonado Rivera, combining it in a single estate, for the price of $1,800, which the vendor, Maldonado Rivera, acknowledged to have received before the sale, the notary, therefore, not certifying to the delivery of the price, and the debtor not reserving property sufficient to pay the debt he had contracted in favor of del Rio, nor depositing any money whatsoever for the settlement of such debt; that Juan Maldonado Rivera did not receive nor could he have received from his son-in-law, Sastre, whose financial situation has always been very pitiable and precarious, the $1,800, the price for which he purchased the estate, the only purpose of the contract having been to evade payment of the debt due Alonso del Rio; and he prayed that the court hold, after the proper legal proceedings, that the contract of purchase and sale entered into by Maldonado and his son-in-law, Sastre, embodied in a public deed executed in Manati on August 16, 1901, was simulated; that the defendant Maldonado was bound to the payment of the $674, with the corresponding interest; and that the defendant Sastre is liable for the amount of the debt to the extent of the value of the property the subject matter of the said contract, and if this contention should not

be sustained, as a consequence of the simulation, that the contract be annulled and that its record in the registry of property be ordered cancelled, with the costs.

"As grounds of law he cited the provisions of the Civil Code providing that obligations must be performed in accordance with the terms thereof, the provisions relating to their enforcement and the judicial order of January 20, 1899, relating to contracts which are to be considered simulated, and General Order No. 118, of 1899, relating to the jurisdiction of the court.

"That notice of the complaint having been served on the defendants, Saturnino Sastre only made answer, through his counsel, Attorney Ramon Nadal Santa Coloma, alleging as facts: That on August 16, 1901, Juan Maldonado sold to his client the estate the subject of the deed sought to be annulled; on December 30th of the same year, Alonso del Rio, who, according to his statement, had been a creditor of Maldonado since the year 1900, instead of filing the complaint now answered and at that time requesting the annulment he now seeks, sues Maldonado exclusively, without in any way considering Sastre nor the deed in question; Maldonado denies absolutely that he is indebted to Alonso; the preliminary proceedings are suspended, completely abandoned; on June 16, 1903, del Rio desists from such proceedings, and by act of the 28th of the same month and year, 1902, Juan Maldonado acknowledges the debt and document which he had denied in the district court a year and a half before; and, finally, Alonso appears with his notarial act suing Maldonado and his client; that Sastre did not take any part whatsoever in the preliminary proceedings mentioned; that he has no relations whatsoever with Alonso del Rio, nor did he take any part in the deed attached to the complaint; he bought the property with the sweat of his brow; that since the date of the purchase he has lived on and enjoyed said estate, without any one having disturbed him in his possession, and that, notwithstanding this his client is now sued and accused of having executed a simulated contract. That Maldonado after having denied to del Rio the account which he claims, voluntarily appeared before a notary and acknowledged the same debt which he had previously denied, from which it was logical to suppose that either Maldonado's conscience troubled him, or that he had entered into an agreement with Alonso to deprive his client of the property which he had bought from Maldonado. That his client has paid the taxes on the property since he bought it, and that the property was assessed in 1902 at 2,900 *pesos,* or what amounts to the same thing, at $1,100 more than the amount for which he purchased it. That Juan

Maldonado had at the beginning of this year more property than that which he had sold to his client, including a house in the town of Morovis, a grocery store and cows; so that even admitting that the debt is true, Maldonado had property with which to answer therefor, and, consequently, it is not the fault of his client that Alonso cannot recover at the present time; and he prayed that the complaint should be dismissed, with the costs against the plaintiff.

"As legal authority he cited the articles of the former Civil Code relating to the force of public documents or the requisites of confession in court for their validity, the enforcement of obligations arising out of contracts, their proof and interpretation.

"The defendant Juan Maldonado Rivera not having answered the complaint, his default was entered at the petition of the plaintiff, and a hearing for the submission of evidence having been had, the plaintiff submitted his evidence, which was heard, there being attached to the record the private document which is the basis of the complaint, executed in Morovis in January, 1901, by Juan Maldonado Rivera in favor of Alonso del Rio, for the sum of 674 *pesos* at 1.25 per cent per month, agreeing that if before payment of the debt he sold his agricultural property in the *barrio* of Montes Llanos, he would pay the debt from the proceeds of the sale thereof, Jaime Suro, a resident, signing for Maldonado at his request, owing to his inability to do so, in the presence of the witnesses Carmelo Berrios, Eduardo Chaco and Dr. Liborio Cordova; also the confession in court of Maldonado and Sastre; a certificate showing that Maldonado does not pay taxes of any kind to the Treasury, and, in addition, the testimony of witnesses; and the defendant Sastre submitted documentary evidence, which was admitted, consisting of the deed of sale by Maldonado to Sastre; the preliminary proceedings of execution against Maldonado had in this district court at the petition of Alonso del Rio; and the confession of Alonso del Rio and Juan Maldonado; the testimony of witnesses, and, finally, a certificate issued by the Treasury relating to the taxes paid by Sastre.

"The oral trial being held, counsel for the plaintiff, Alonso del Rio, and for the defendant, Saturnino Sastre, appeared, Juan Maldonado Rivera, Alonso del Rio and Saturnino Sastre appearing to answer questions propounded by the adverse party; thereupon Heriberto Ocasio, Carmelo Berrios, Liborio Cordova, Felix R. Muñiz, Juan Maldonado Fernandez, Julian de Jesus and Gabriel Roig testified as witnesses for the plaintiff, and Juan Laureano, Jose Barquero, Eugenio Lucio and Juan Siller for the defendant. Counsel then made their respective arguments in support of the complaint and

answer, whereupon this judgment was adopted by the unanimous vote of the judges.

"The legal formalities have been observed.

"Presiding Judge Felipe Cuchi y Arnau prepared the opinion of the court.

"According to rule 2 of the judicial order of March 20, 1899, all contracts for the transfer of the ownership of property executed after the abolition of the tax on property rights shall be considered as simulated contracts by persons who at the time of the execution thereof were liable for debts other than mortgage debts, if at the time of the execution of such contracts the attesting notary should not certify in the deed that the price was delivered in his presence, or if they should not deposit the value of their obligations in cash, or if they should not retain in their possession property sufficient to settle them.

"In the deed of sale executed by the debtor, Juan Màldonado Rivera, in favor of his son-in-law, Saturnino Sastre, on August 16, 1901, the attesting notary does not certify that the price was delivered in his presence, and six months before the date of this deed—that is to say, in January, 1901—the said debtor Juan Maldonado Rivera appears under a private document which he himself acknowledged in court, as did also two of the three witnesses in whose presence it was executed, to be indebted to Alonso del Rio in the sum of $674, with interest at the rate of 1.25 per cent per month.

"The debtor Maldonado not having retained any property in his possession at the time of the execution of the deed of sale of his estate to his son-in-law, nor having deposited any part of the proceeds of the sale for the payment of his debt to Alonso del Rio, notwithstanding the fact that he was bound thereto, according to his own statement contained in the private document which he executed in January, 1901, it is evident that the deed executed in favor of his son-in-law is simulated and must be annulled by this court in accordance with the provisions of the judicial order cited in the first conclusion of law.

"The fact of the sale being recorded in the registry of property does not argue anything in favor of the present holder of the estate sold, Saturnino Sastre, because according to article 33 of the Mortgage Law, a record does not validate acts or contracts which are null under the laws, and the cancellation of the record made should be ordered, because the contract which gave rise thereto was simulated.

"Upon the annulment of the simulated sale made by the debtor,

Juan Maldonado Rivera, to his son-in-law, Saturnino Sastre, said estate returns to the possession of its real owner, Maldonado, who is under the obligation to pay to his creditor, Alonso del Rio, the amount of the note which he executed in his favor in January, 1901, with the interest stipulated, the liability of Sastre to del Rio ceasing the moment the estate returns to the possession of Maldonado.

"According to section 1075 of the Civil Code, should the obligation consist in the payment of a sum of money, and the debtor should be in default, the indemnity for losses and damages, in the absence of stipulation to the contrary, shall consist in the payment of the interest agreed upon, and should there be no agreement, in that of the legal interest; and in the private document which is the basis of this action, the debtor agreed to pay interest at the rate of 1.25 per cent per month for the time of the extension, it being expressly stipulated: 'It shall not exceed (that is to say, the extension) the month of November of this year,' from which it appears that no interest was stipulated in the event of default, but, on the contrary, there was a clear agreement to pay 1.25 per cent only until the month of November, for which reason the debtor must pay from and after December, 1901, interest at the rate of 6 per cent per annum. .

"For these reasons judgment should be rendered without any special taxation of costs, especially when the debtor, Maldonado, has not entered an appearance and contested the action.

"In view of the Judicial Orders of March 20, and August 15, 1899, and article 371 of the Law of Civil Procedure, we adjudge that we should declare, and we do declare, to be null on account of being simulated, the contract of purchase and sale executed by Juan Maldonado Rivera to Saturnino Sastre contained in a public deed executed before Francisco Prado Morales, a notary of Manati, on August 16, 1901; and we adjudge Juan Maldonado Rivera to pay to Alonso del Rio the sum of $674 which he owes him, in addition to interest at the rate of 1.25 per cent per month, from February 1, 1901, to November 30th of the same year; and at 6 per cent per annum from said day to the date of full payment; and it is ordered that the record of the contract annuled be cancelled in the registry of property of the district, and that the proper orders to this effect issue to the registrar, without any special taxation of costs. By this our final judgment do we pronounce, order and sign.—Felipe Cuchi; Carlos Franco Soto; Otto Schoenrich."

Counsel for Saturnino Sastre Suarez took an appeal from

this judgment, which appeal was duly perfected and is now pending the decision of this Supreme Court.

The findings of fact contained in the judgment appealed from are accepted, and it should be added that the evidence submitted in the proceedings fully proves that on August 16, 1901, when Juan Maldonado Rivera, executed in favor of his son-in-law, Saturnino Sastre Suarez, the deed of sale of a rural estate having an area of 89 *cuerdas* for the price of $1,800, which the vendor acknowledged to have received from the purchaser before the act of the sale, Juan Maldonado owed Alonso del Rio Diaz the sum of $674, according to a promissory note executed in January of said year, as to the legitimacy of which there can be no doubt, because it has been acknowledged by the debtor himself and two witnesses who signed it, its efficiency not being affected by the circumstance that Maldonado had previously, on December 30, 1901, in the presence of a judicial authority, denied the existence of such debt. By the sale of this estate, Maldonado was left without sufficient property to pay the debt of Alonso del Rio, as has also been proved in the action.

No evidence has been submitted in the action to show the origin of the $1,800 fixed as the price of the contract, because although Sastre alleged in answering the complaint not only that he had saved the sum necessary for the purchase of the estate, but also that he was a creditor of Maldonado for debts which he had paid for him and for a large sum in wages which he owed him for his services as manager, such allegations appear to lack justification, especially if it be taken into consideration that by deed of August 24, 1901, executed eight days after the sale, Maldonado confessed that he was indebted to Sastre in the sum of $1,000 by reason of an amicable settlement of accounts between them, which sum, therefore, must not be considered in investigating the origin of the price of the sale.

The testimony at the oral trial of witnesses Heriberto Ocasio, Felix R. Muñiz, Juan Maldonado Fernandez and Gab-

riel Roig, is very important. The first of these stated that Sastre was in his house one day and told him that he was going to Arecibo to receive a deed which his father-in-law was going to execute in his favor, to prevent Alonso del Rio from prejudicing his interests, but that he would always consider the estate he was to receive as the property of Maldonado; the second, that Sastre informed him that he was secured as the son-in-law of Maldonado against anything that might happen later; the third, that Sastre went to his house with a machine and informed him that his father-in-law was going to transfer his estate to him in order to avoid being defrauded by Alonso del Rio, but that he would always consider said estate as the property of his father-in-law; and the fourth, that Sastre had informed him that he was going to receive from Maldonado the deed to the estate, and that he would always recognize it as belonging to Maldonado, even though it was in his name.

In view of the result of the evidence heard, we do not hesitate in qualifying as simulated the contract of purchase and sale entered into between Juan Maldonado Rivera and his son-in-law, Saturnino Sastre Suarez, as the extra-judicial statements made by Sastre are convincing thereof, and it is corroborated by the absence of evidence that Sastre had means with which to purchase the estate sold, the contract being therefore null on account of want of consideration and non-payment of the price, in accordance with articles 1261, 1274, and 1275 of the former Civil Code, which are sections 1228, 1241 and 1242 of the Revised Code.

We agree with the conclusions of law reached by the trial court; and not to go any further, we refer to the judgment of this Supreme Court of May 23rd last in an action for the recovery of a sum of money, the annulment of contracts, deeds and records.

Therefore, the judgment appealed from should be affirmed,

with the costs of the appeal against the appellant, Saturnino Sastre Suarez.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras and Mac-Leary concurred.

Mr. Justice Wolf did not take part in the decision of this case.